UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH B. KAYE, JR., and
KRISTINE M. KAYE,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　CASE NO. 8:21-cv-469-WFJ-TGW
　　　　　　　　　　　　　　　　　　　(former Sixth Judicial Circuit Court Case,
　　　　　　　　　　　　　　　　　　　Pinellas County, Florida, No. 20-2097-CI)

THE BANK OF NEW YORK MELLON
f/k/a THE BANK OF NEW YORK, as
Trustee for the Certificate holders of
CWALT, Inc., Alternative Loan Trust
2007-OH3, Mortgage Pass-Through
Certificates, Series 2007-OH3,

    Defendant.
_____/

## MEMORANDUM ORDER

Under consideration are the motions at docket entries 9 (Bank of New York Mellon's motion to vacate default), 21 (Plaintiffs' motion to stay) and 35 (Plaintiffs' motion to strike affidavit).  This memorandum opinion discusses the issues raised in these filings, and the Court had an extensive discussion with the parties at the hearing held April 12, 2021.  The Court quashes service and vacates

the prior clerk's default and the court's default judgment because the service was faulty.[1]

Plaintiffs engaged in improper service, involving sharp practices. These parties were litigating a foreclosure of a large piece of non-homestead property in Pinellas County Circuit Court, Case No. 12-004470-CI. The Defendant Bank of New York Mellon was represented by one law firm and was the only named plaintiff on that case. The Kayes were the only named defendants with the same counsel, Mr. Segal, they have here.

During the pendency of the underlying foreclosure, the Kayes' counsel Mr. Segal filed this instant lawsuit in the same Pinellas County courthouse. This second filing was under a new case number as a separate case. This second, instant lawsuit was removed by Defendant once they later discovered it. The instant lawsuit concerns the same parcel of land that was the subject of the foreclosure in 12-004470-CI. It was the same property, the same parties, and was a related cause of action in the same courthouse. But the Kayes' lawyer did not inform the bank's lawyer representing the bank in 12-004470-CI. Instead, Mr. Segal served the instant suit upon a registered agent for the bank's closed predecessor, the Bank of

---

[1] A similar result, transferred here after a ruling from the Southern District of Florida, may be found at *Gossamer Wing, LLC v. Bank of New York Mellon*, No. 8:21-cv-624-WFJ-AEP. *See also Bonafide Properties, LLC. v. Bank of New York Mellon,* No. 5:21-cv-54-TKW-MFJ, 2021 WL 1186332 (N.D. Fla. Mar. 29, 2021) (criticizing the tactics as gamesmanship or "stink of fraud"). Defendant has cited a series of similar cases from this counsel. Doc. 24 at 5–6.

New York, Inc.  The Kayes never served a registered agent for the defendant Bank of New York Mellon or served the Bank of New York Mellon in any other manner.

Immediately after service upon this asserted registered agent, the agent wrote Mr. Segal as the Kayes' lawyer.  The agent (CT Corporation, a registered agent for the predecessor and now-closed Bank of New York, Inc.)[2] informed the Kayes' lawyer that it was not a registered agent for the Defendant Bank of New York Mellon, and it did not accept service and could not forward process to Bank of New York Mellon.  Doc. 1-2 at 76, 108, 186.  But the Kayes' counsel then moved for a clerk's default on the first day it was eligible.  Counsel claimed "personal service" upon the Bank of New York Mellon, without informing the state circuit clerk of court or the court that the "personal service" he claimed was disclaimed and denied by the supposed agent, and which agent stated it was unable to forward the papers to the named Defendant, the Bank of New York Mellon.  Doc. 1-2 at 76, 108, 186.

Based upon Mr. Segal's representations, and unaware that the purported registered agent denied agency, the clerk dutifully entered a clerk's default against Bank of New York Mellon the next day for failure to respond.  *Id.* at 77–78.  Four

---

[2] Bank of New York Mellon is the sole litigant in this case and was the sole litigant in the underlying foreclosure.  Bank of New York, Inc. is a predecessor.  The former adopted the tax identification number of the latter upon the combination which happened at some point around 2008 (Doc. 10 at 4; Doc. 9 at Ex. J).  It appears the Bank of New York, Inc. is closed, no longer operating.  Doc. 9, Ex. J.  This bank is still filing Florida updates at sunbiz.org.

days later on May 26, 2020, the Kayes moved for summary judgment. Their lawyer dropped their monetary damages claims which permitted a hearing to be avoided. The non-monetary claim sought declaratory judgment relief likely worth in excess of $1 million. The declaratory judgment sought to extinguish the debt and declare the subject property free and clear. At this time, the proper defendant was still unserved.

The Kayes' lawyer Mr. Segal obtained from the state circuit court a default final judgment two weeks after filing the summary judgment motion. No hearing happened. At no time did their lawyer inform anyone (not the judge, the clerk, nor opposing counsel in the underlying, related foreclosure) that he was seeking full relief while the registered agent for a predecessor company denied service and declined to forward the papers to the Defendant Bank of New York Mellon.

The state circuit judge was informed by Mr. Segal's letter that a hearing was unnecessary as no monetary relief was requested and the Defendant Bank of New York Mellon had defaulted after personal service. Doc. 1-2 at 82. The judge entered the Final Judgment After Default provided by Mr. Segal. Dkt. 1-2 at 85–88. The default judgment cleared title for the Kayes on property worth over $1 million, and discharged the note, mortgage, and lis pendens. The default final judgment drafted by Mr. Segal stated that the bank stole the property. Doc. 1-2 at 87–88. The day after the default final judgment, the Kayes quitclaim-deeded the

4

property to an apparently related FUGH, LLC, whose address appears to be a UPS store, and whose registered agent is Mr. Segal.  The only manager of FUGH, LLC is FUBAR Assets, LLC.  And the only manager listed for FUBAR is FUGH.  Both share the same maildrop address and the same registered agent, Mr. Segal at his law office.[3]

After Bank of New York Mellon discovered this lawsuit, it filed a motion to vacate the judgment and removed the case here.  After the motion to vacate was filed, FUGH LLC (via a land trust created the day after the default judgment) transferred the land to a third party via warranty deed for $1 million.[4]  This transfer occurred about 60 days prior to the April 12, 2021 hearing on vacatur.

The Court is guided at the outset by the fact that defaults are generally disfavored.  *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1316 (11th Cir. 2002).  The clerk's default and court's final default judgment fail, first, under the doctrine of *Jacaranda, LLC v. Green Tree Servicing, LLC.,* 203 So. 3d 964, 966 (Fla. 2d DCA 2016).  The Kayes and their lawyer Mr. Segal were litigating for several years with the same bank over the same land, in the same courthouse, with a similar cause of action in No. 12-004470-CI (Sixth Judicial

---

[3] These State of Florida records are found at sunbiz.org.

[4] The Pinellas County Property Appraiser estimates the "just value" of the parcel at $1.347 million.  *See* pcpao.org, last consulted 4/12/2021.  The land transfers can be seen at the websites for the Pinellas County Property Appraiser and the Pinellas County Clerk.  *Id.*; officialrecords.mypinellasclerk.org.  The warranty deed is at Book 1382 Page 1075.

Circuit – Pinellas). They were not at liberty to steal a march or sneak in a clerk's default at the same time in a new, related case they informed no one about. Under Florida law:

> [A] trial court should vacate an ex parte default when the plaintiff seeking default had actual knowledge that the defendant was represented by counsel and intended to defend the lawsuit, but failed to contact the defendant's counsel prior to seeking default. [citing cases] A plaintiff has actual knowledge of a defendant's intention to defend a lawsuit and actual knowledge that the defendant is represented by counsel where the two parties simultaneously participate in another lawsuit which involves the same dispute and where plaintiff knew that the defendant is represented by counsel in that other lawsuit.

*Jacaranda*, 203 So. 3d at 966 (internal quotation marks omitted).

Failure to alert fellow counsel before moving for a clerk's default in this related suit with the same parties requires the default to be vacated. This sharp practice is rendered more acute when the claimed registered agent expressly and promptly denies the agency and refuses to forward the papers.

Second, the Kayes' lawyer owes a heightened duty of candor to the clerk and court before seeking a default for "failure to respond after personal service." No doubt the state judge would have wanted to know that this "personal service" was denied and disclaimed by the alleged agent served and no one had informed the actual defendant. Had Mr. Segal filed his letter from CT Corporation with the clerk, no clerk's default would have issued. None of this was explained to the

6

judge or the clerk, and the omission was facilitated by trimming the case to achieve summary judgment without a hearing.

Third, the Court concludes that service upon CT Corporation, a registered agent for a closed predecessor, never an agent of this defendant in this case, was faulty. The agent denied the agency and rejected service. The public records show that CT Corporation was not a registered agent for this defendant. That CT was an agent for a prior, distinct entity did not equate to service upon this defendant. Mr. Segal was immediately aware of this issue by CT's letter. The statutes governing service are to be strictly construed. *Dade Erection Serv., Inc. v. Sims Crane Serv., Inc.,* 379 So. 2d 423, 426 (Fla. 2d DCA 1980)[5]. Good cause exists to set aside the default based upon this improper service. Fed. R. Civ. P. 55(c) & 60(b); *see generally* 28 U.S.C. §1450. The defendant bank has never been served with process as required by Fed. R. Civ. P. 4. It never had notice and an opportunity to appear and be heard on the merits, which renders the judgment void as violative of due process.

---

[5] The Court denies the Kayes' motion to stay and take discovery on the issues, given that service requirements must be strictly construed. The Kayes seek to defend a windfall based upon questionable service of process which faults are clear from this record. The Kayes have failed to show a colorable compliance with the Florida rules of service. *See generally Kelly v. Fla.,* 233 F.R.D. 632, 634 (S.D. Fla. 2005), *aff'd,* 233 F. App'x 883 (11th Cir. 2007). They will not be prejudiced by being required to prove the merits of their case, if merits there be.

Although entirely unnecessary on these facts, this record also establishes that the bank could, if necessary, establish excusable neglect and meritorious defenses. This is clear from the record and need not be restated here given the plainly disingenuous and faulty service. *See generally* Doc. 9 at 17–23 (citing meritorious defenses).

Accordingly, the Court vacates the prior judgment and quashes service.

**DONE AND ORDERED** at Tampa, Florida, on April 13, 2021.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of record